IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MARY HAMEL-SCHWULST,
      Plaintiff,

vs.                                Case No.:  3:08cv529/MCR/EMT

JEFFEREY P. NEGROTTO, et al.,
      Defendants.
_____/

## REPORT AND RECOMMENDATION

Defendant Jefferey Negrotto filed a notice that he has instituted a bankruptcy proceeding in the Northern District of Florida (Doc. 27).  The undersigned directed the other parties to confer and file a report of their positions regarding whether proceedings should be stayed as against the other Defendants as well (Doc. 35).  The parties have filed their reports (Docs. 48, 50).

Pro se Defendants Mary Martin and Dawn Effler take the position that this action should be stayed against all Defendants, with the exception of the court's ruling on the motions to dismiss filed by Ms. Effler and other Defendants (*see* Doc. 50 at 1–2, Ex. D).  There is no indication as to the legal basis for their position.  Defendants Continental Insurance Company and Universal Surety of America apparently have no position as to the stay issue (*see* Doc. 50 at 2).  Likewise, Defendant Notary Public Underwriters of Mississippi, Inc., has not expressed a position as to the stay (*see id.*).  Defendants Traveler's Insurance Company and Mortgage Electronic Registration Systems, Inc. (MERS), as well as Plaintiff, take the position that the protections of the automatic stay in Defendant Negrotto's bankruptcy proceedings do not extend to the other Defendants (Docs. 48, 50, Ex. E).

Upon consideration of the reports of the parties regarding the impact of Jefferey Negrotto's bankruptcy, the undersigned concludes that the position of Defendants MERS, Traveler's Insurance Company, and Plaintiff is well supported, as outlined in MERS's position statement (Doc. 48).

Therefore, this action should be stayed only as against Defendant Jefferey Negrotto and not as against the other Defendants.

Accordingly, it is respectfully **RECOMMENDED**:

1.      That unless and until otherwise ordered, all proceedings in this case against Defendant Jefferey Negrotto be **STAYED** pursuant to 11 U.S.C. § 362.

2.      That this action **NOT** be stayed as against the other Defendants.

3.      That Defendant Jefferey Negrotto file a notice within **THIRTY (30) DAYS** after the occurrence of any event or condition terminating the automatic stay either explicitly or by operation of law.

4.      That each other party file a notice within **THIRTY (30) DAYS** after the party or its attorney learns of the occurrence of any event or condition terminating the automatic stay either explicitly or by operation of law, provided, however, that if one such notice has been filed by any party, no party need file any additional notice.

At Pensacola, Florida, this 27th day of May 2009.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**



**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within ten (10) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**